Russell S. Buhite, OR 142529
Russell.Buhite@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone:      206-693-7057
Fax:                206-693-7058

**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **STEPHANIE S. VAUGHN,**<br><br>                              **Plaintiff,**<br><br>v.<br><br>**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**<br><br>                              **Defendant.** | **Case No.: 3:17-cv-01904-BR**<br><br>**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RUSSELL S. BUHITE IN SUPPORT OF DEFENDANT'S REPLY** |

1 – DEFENDANT HARTFORD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RUSSELL S. BUHITE IN SUPPORT OF DEFENDANT'S REPLY

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150  | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

## I.   INTRODUCTION

Plaintiff has moved to strike a Declaration of Russell S. Buhite filed with Defendant's Reply to Response to Motion for Summary Judgment when the issues, including those pertaining to the master group policy and the discovery thereof, have already been briefed.  The Motion lacks factual grounds for striking the declaration, is in contravention of Local Rule 56-1(b), and is otherwise disfavored under the law. The Motion should be denied for the reasons stated and authority cited below.

## II.   ARGUMENT

### A.   Neither Rule 12(f), Fed.R.Civ.P. Nor the Court's Inherent Power Supports Striking Declaration

Plaintiff's Motion seeks an order striking the second declaration of Russell S. Buhite as a sham pleading apparently under Rule 12(f), *Fed.R.Civ.P.* (although the Rule is not cited) on the grounds of a supposed conflict between prior discovery responses and the Declaration.  The Motion finds no support in the facts or established Ninth Circuit authority as applied to the facts.

Rule 12(f), *Fed.R.Civ.P.*, provides that the district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on their own initiative or pursuant to a party's motion.  The disposition of a motion to strike is within the discretion of the Court.  *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).   Motions to strike are disfavored and infrequently granted.  *See Stabilisierrungsfonds Fur Wein v. Kaiser, Stuhl Wind Distribs. Pty., Ltd.*, 647 F.2d 200, 201, n.1 (D. C. Cir. 1981).  Declarations are not pleadings and only pleadings are subject to Rule 12(f). *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Courts may also, in the appropriate case, strike documents other than pleadings under their inherent power to control dockets.  *See Lamos v. Astrue*, 2008 U.S. App. LEXIS 9143 (9th Cir.

2 – DEFENDANT HARTFORD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RUSSELL S. BUHITE IN SUPPORT OF DEFENDANT'S REPLY

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

2008).  In the summary judgment context, courts have been reluctant to exercise their inherent powers to strike evidence relied upon by a party in support of or opposition to motions for summary judgment.  The court would typically weigh the admissibility or probative nature of the proffered evidence. *See Rapid Funding Gp., Inc. v. KeyBank Nat'l Assn*., 2009 WL 2878545, **2, 16 (D. Or. 2009)(declining to strike evidence presented in support of summary judgment under either inherent power or Rule 12(f)).  This case does not present circumstances warranting striking the Declaration under the Court's inherent power as it does not involve procedural impropriety or other sanctionable conduct.  *See* cases cited by *Rapid Funding*, 2009 WL at *2.  Instead, the Court should simply weigh the evidence at issue for purposes of rendering a decision on summary judgment.  *Id.* at *16.

### B.  Plaintiff's Motion Contravenes Local Rule 56-1(b)

Local Rule 56-1(b) states the following regarding motions to strike in the context of Motions for Summary Judgment:

> Rather than filing a motion to strike, a party must assert any evidentiary objections in its response or reply memorandum. Evidentiary objections in a response or reply memorandum are subject to the certification requirement of LR 7-1(a). If an evidentiary objection is raised in the non-moving party's response memorandum, the moving party may address the objection in its reply memorandum; the non-moving party may not file further briefing on its evidentiary objection. If an evidentiary objection is raised by the moving party in its reply memorandum, the non-moving party may file a surreply memorandum pursuant to this subparagraph within seven days addressing only the evidentiary objection; the moving party may not file further briefing on its evidentiary objection.

Rule 56-1(b), *Local Rules of Civil Procedure*.

Plaintiff's Motion asks this Court to strike a declaration in this separately-filed Motion rather than file a surreply.  In any event, the factual issues pertaining to the subject of the Declaration have already been fully briefed and do not warrant striking the document.

3 – DEFENDANT HARTFORD'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
THE DECLARATION OF RUSSELL S. BUHITE IN
SUPPORT OF DEFENDANT'S REPLY

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

### C.    Plaintiff's Cited Cases are Distinguishable

The cases cited by Plaintiff in support of its Motion to Strike do not support the relief requested under the facts presented here.  None of the requirements set out in this circuit for striking an alleged sham declaration are present here.  First, Plaintiff cites *School Dist. No.1J v. AcandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) as support for striking a declaration where it was filed simply to create an issue of fact, explain contradictory testimony, or otherwise to avoid summary judgment.  In that case, the movant sought to strike affidavits of a party which it contended conflicted with prior interrogatory answers. *Id*. The court noted, however, that the sham affidavit doctrine must be "applied with caution" and that the court must make a finding of fact "that the affidavit was a 'sham.'"  *Id*. The Ninth Circuit noted that the district court had not made any decision below as to whether the affidavit was a sham generated solely to create an issue of material fact.  *Id*.  In the present case, the Declaration in question was not generated to create an issue of fact for summary judgment but merely to explain the series of events that led counsel to discover the existence of a master group policy after months of searching for the document.  It explains how counsel did his best to continue in discovery obligations to search for relevant documents in a diligent fashion.

Plaintiff cites *Yeager v. Bowlin*, 693 F.3d 1076 (9th Cir. 2012) as support for the Motion. In that case, the court stated the general rule that a party cannot create an issue of fact by an affidavit contradicting *his* prior deposition testimony. However, in the present case, Russell S. Buhite, the declarant, was not previously deposed at all nor do the prior discovery responses Plaintiff refers to even involve deposition testimony.[1] Plaintiff has cited no authority for the proposition that the sham affidavit rule has been applied to strike a declaration because it is

---

[1] No deposition testimony was taken in this case.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

inconsistent with the deposition (or other discovery responses) of someone else. *See The Good Drop, LLC v. Hayes*, 2016 WL 4134557, * 4 (D. Or. 2016).

Finally, Plaintiff cites *Larson v. Oregonian Publishing Co., LLC*, 2018 WL 4098170 (D. Or. 2018) for the proposition that a party cannot create a genuine issue of fact "by contradicting his or her own previous sworn statement." This case is distinguishable as the second Buhite Declaration did not contradict the first Declaration or any other prior sworn testimony. Even if the Motion involved prior deposition testimony of the undersigned (which it does not)[2], the *Larson* case explains that the "sham deposition" rule does not even apply where the affidavit merely explains portions of prior testimony. *Id.*

The rule cited by Plaintiff is to be applied with caution "because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." *The Good Drop*, 2016 WL 4134557, * 4, citing *Yeager*, 693 F3d at 1080. Before striking an affidavit pursuant to the rule, the district court must make a "factual determination that the contradiction is a sham" and that the inconsistency is clear and unambiguous. *Id.* The doctrine is most commonly applied where there is reason to believe the deposed party was evasive in order to gain a litigation advantage. *See id.* (upholding application of the sham affidavit rule when the deponent claimed no memory of "difficult-to-forget events in the recent past ... such as ... his involvement in a plane crash," only to muster a "sudden ability to recall specific facts" about those same events when making his declaration in opposition to summary judgment).

Further, as in *The Good Drop* case, there is "no clear, unambiguous conflict" between prior discovery responses and the Declaration in question. The Buhite Declaration merely sets out to

---

[2] It does not even involve prior sworn statements or other testimony of Russell S. Buhite but instead argues that the Declaration contradicts prior discovery responses, a position that Hartford disputes.

5 – DEFENDANT HARTFORD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RUSSELL S. BUHITE IN SUPPORT OF DEFENDANT'S REPLY

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

explain why the master policy and trust documents were not served earlier in the case due to the fact that the client had not located these documents.

### D.        The Facts Do Not Support Striking the Declaration

The Buhite Declaration was filed with the Reply to explain the circumstances as to the timing of the production of the Master Policy in this matter - to explain why it was not produced earlier, and that this is why it was only produced to counsel on Monday, March 4, 2019, along with the Trust document and amendment.  Undersigned counsel became aware of the documents' existence on March 1, 2019 through discussions with Ogletree, Deakins attorney Byrne Decker, Esq., who is currently defending Hartford in a similar matter styled *Chambers v. Hartford*, No. 18-cv-07718-RS, N.D. Cal., (filed December 26, 2018), which also involves the Master Policy issued to the Trustee of the Health Care Industry Group Voluntary Life and Disability Insurance Trust, with Hawaii Kaiser Permanente as the employer-sponsor of the disability plan.  Mr. Decker did not obtain the documents until February 20, 2019, one day after his in-house counsel contact located the documents.  *See* Buhite Declaration, paragraph 5.  The prior discovery responses reflected the then-current belief that all documents had been produced but, consistent with duties under the discovery rules, counsel and the client continued looking for documents that might be responsive.  It is regrettable that the documents were not located and produced until briefing had begun, but production and filing was emphatically *not* done to create an issue of fact for summary judgment nor were they withheld or "suppressed."  Hartford, through counsel, mindful of its continuing discovery obligations, continued inquiries into whether a master group policy could be found through January, February, and early March, 2019 and, through those efforts, was finally made aware that it had been located. This is a far cry from the cases cited by Plaintiff where party affidavits directly conflict with prior deposition or interrogatory testimony.

6 − DEFENDANT HARTFORD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RUSSELL S. BUHITE IN SUPPORT OF DEFENDANT'S REPLY

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

Under the circumstances presented, where the substantive issues have been briefed and evidence presented to the Court, and where the Declaration does not contradict prior discovery responses or testimony, neither the law nor facts support striking the Declaration.

## III.    CONCLUSION

For the reasons stated above, Hartford respectfully requests that the Court deny Plaintiff's Motion to Strike the Declaration of Russell S. Buhite in Support of Defendant's Reply.

## IV.    CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 1,754 words, including headings, footnotes, and quotations but excluding the caption, table of contents, table of authorities, signature block, exhibits, and any certificates of counsel.

Dated:  May 22, 2019

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:    /s/ RUSSELL S. BUHITE
Russell S. Buhite, OR 142529
Russell.Buhite@ogletree.com
206-693-7057
Attorneys for Defendant

7 – DEFENDANT HARTFORD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RUSSELL S. BUHITE IN SUPPORT OF DEFENDANT'S REPLY

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on the 22 day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

s/*Marissa Lock*
Marissa Lock, Practice Assistant
Marissa.lock@ogletree.com

36561457.1

8 – DEFENDANT HARTFORD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RUSSELL S. BUHITE IN SUPPORT OF DEFENDANT'S REPLY

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058